**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LATONYA WILLIS,**

        **Plaintiff,**        **CIVIL ACTION NO. 13-cv-12323**

    **vs.**

                           **DISTRICT JUDGE ROBERT H. CLELAND**

**COMMISSIONER OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
**_____/**

**REPORT AND RECOMMENDATION**

Plaintiff Latonya Willis seeks judicial review of Defendant the Commissioner of Society Security's determination that she is not entitled to social security benefits for her physical impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 8) and Defendant's Motion for Summary Judgment (docket no. 11). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 2.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern district of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.    RECOMMENDATION:**

The undersigned recommends that Plaintiff's Motion for Summary Judgment (docket no. 8) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 11) be GRANTED.

**II.    PROCEDURAL HISTORY:**

Plaintiff filed an application for Disability Insurance Benefits and an application for Supplemental Security Income Benefits with protective filing dates of April 21, 2011, alleging that she had been disabled since December 10, 2010, due to carpal tunnel, degenerative disc disease, high blood pressure, fibromyalgia, and anxiety. (*See* TR 21, 23.) The Social Security Administration denied benefits, and Plaintiff requested a *de novo* hearing, which was held on July 13, 2012, via video before Administrative Law Judge (ALJ) Ronald Herman, who subsequently found that Plaintiff was not entitled to benefits because she was capable of performing a significant number of jobs in the national economy. (TR 21-30.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. The parties then filed their instant Motions.

### III. PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND VOCATIONAL EXPERT'S TESTIMONY

#### A. Plaintiff's Testimony and the Medical Evidence of Record

In her brief, Plaintiff sets forth a short procedural history of this matter and discusses the ALJ's basis for denying her benefits. (Docket no. 8 at 5.) Notably, Plaintiff's brief fails to contain a single reference to the medical record. (*See* docket no. 8.) Further, Plaintiff's discussion of her testimony is limited to the following:

> The claimant testified at the hearing that she was not able to walk greater than 200 to 300 feet due to pain. (Tr. 44) Additionally, she can only stand for about 5 minutes and can't sit for very long because of the pain that arises. (Tr. 44) She is unable to bend, touch her toes, pick up items off the floor, and often times, she will not leave her bed or her apartment because of the pain. (Tr. 46) When she does leave, her boyfriend or her kids will take her and drive her to where she needs to go. (Tr. 44) As a result, Ms. Willis cannot perform the necessities of every-day life. Even her sleep is impacted by her pain. She only gets about 3-4 hours of sleep per night because she wakes up in pain. (Tr. 46)

(Docket no. 8 at 9.) Defendant notes that "the ALJ adequately presented Plaintiff's testimony and

2

the medical evidence in this case." (Docket no. 11 at 7.) The undersigned has reviewed the hearing transcript and Plaintiff's medical record, but for the reasons discussed *infra*, it is unnecessary to summarize them herein. Therefore, Plaintiff's medical record and testimony as set forth in the ALJ's decision (TR 26-28) and Plaintiff's brief (Docket no. 8 at 9) are adopted; the undersigned will incorporate comments and citations as necessary throughout this Report and Recommendation.

### C. Vocational Expert's Testimony

After asking the VE to discuss Plaintiff's past work experience, the ALJ asked the VE to consider a hypothetical individual with the same vocational profile as Plaintiff, except that the individual could only lift up to 10 pounds occasionally and lesser weights more frequently; could only stand and/or walk for up to two of eight hours in an eight-hour workday and sit for up to six hours in an eight-hour workday. (TR 49.) He added that the individual could only bend, stoop, kneel, crouch, and crawl on an occasional basis, and the individual should be allowed to sit or stand at her discretion, "provided that the individual is not off their work task for more than ten percent of the workday." (TR 50.) Additionally, the individual should avoid hazards, including heights and dangerous machinery. (TR 50.) Finally, the individual should only have occasional contact with the public, coworkers, and supervisors. (TR 50.) The VE testified that such an individual could not perform Plaintiff's past work but could work as a final assembler, laminator, or inspector. (TR 50.)

The ALJ then asked the VE to assume that the individual could only use her hands on an occasional basis. (TR 51.) The VE testified that such an individual could work in two separate inspection positions. (TR 51.) Finally, the ALJ asked the VE to assume that the individual needed to miss three or more days per month due to various impairments. (TR 52.) The VE testified that such an individual would be precluded from competitive employment. (TR 52.)

### IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff met the insured status requirements of the Act through March 31, 2015, and that she had not engaged in substantial gainful activity since December 10, 2010. (TR 23.) The ALJ then found that Plaintiff suffered from the following severe impairments: "bilateral carpal tunnel syndrome; degenerative disc disease of the cervical and lumbar spine; high blood pressure; fibromyalgia; and anxiety." (TR 13.) The ALJ further found that Plaintiff's impairments did not meet or equal one of the listed impairments. (TR 24-25.)

The ALJ then determined that Plaintiff had the following residual functional capacity:

> [C]laimant has the residual functional capacity to perform sedentary work . . . . The claimant can lift 10 pounds occasionally and lesser weights frequently. She can stand/walk for up to 2 hours during an 8-hour workday. She can sit for up to 6 hours during an 8-hour workday. The claimant can sit or stand at will provided that she will not be "off task" for more than 10% of an 8-hour workday. The claimant can occasionally balance, kneel, stoop, crouch, and crawl. She must avoid concentrated exposure to hazards such as unprotected heights and dangerous moving machinery. The claimant can have occasional contact with the public, coworkers, and supervisors.

(TR 26-28.) Then, in reliance on the VE's testimony, the ALJ found that Plaintiff could not perform any of her past relevant work, but she could perform a significant number of jobs in the national economy; therefore, she was not disabled from December 10, 2010, through the date of the ALJ's decision. (TR 28-30.)

## V.     LAW AND ANALYSIS

### A.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it

is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

  **B.**   **Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

  (1)   Plaintiff was not presently engaged in substantial gainful employment; and

  (2)   Plaintiff suffered from a severe impairment; and

  (3)   the impairment met or was medically equal to a "listed impairment;" or

  (4)   Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work,

the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

    **C.**    **Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be reversed or remanded under sentence four because "the Commissioner erred as a matter of law

in failing to properly evaluate the medical records and opinions of evidence, and thereby, formed an inaccurate hypothetical that did not accurately portray [Plaintiff's] impairments." (Docket no. 8 at 6.) In passing, Plaintiff also states that "the [ALJ's] reasoning to support her lack of credibility is not substantiated." (*Id.* at 10.)

To the extent Plaintiff argues that the ALJ erred in the formulation of the hypothetical questions presented to the VE, the ALJ is only required to incorporate in his hypothetical questions those limitations that he finds credible and supported by the record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ's hypothetical questions presented all of the limitations included in Plaintiff's RFC–that is, all of the limitations that the ALJ found credible. The VE testified that there are jobs available for a person with these limitations. Thus, the ALJ's hypothetical questions were not improper, and in substance, Plaintiff's motion asserts that the ALJ erred in determining Plaintiff's RFC when he failed to properly evaluate the medical opinions.

Plaintiff's argument fails as her entire discussion of this matter is limited to several pages of legal standards and a few vague references to her own testimony. (*See* docket no. 8.) Plaintiff does not discuss why she believes the ALJ erred, what medical records or opinions or evidence the ALJ failed to properly consider,[1] or what additional impairments the ALJ allegedly failed to include in his hypothetical questions to the VE. As the Court addressed in a similar matter wherein Plaintiff's counsel filed an almost identical brief, any additional analysis "is an exercise left to the reader; . . . Plaintiff's summary judgment brief lack[s] any survey, much less meaningful discussion, of the medical record, and Plaintiff likewise fail[s] to provide any factual basis for h[er] challenge

---

[1] Significantly, the ALJ noted that in this matter, "there were no medical experts that made opinions about the claimant's mental or physical capacity." (TR 28.)

of the ALJ's assessment of h[er] credibility." *Fielder v. Comm'r of Soc. Sec.*, No. 13-10325, 2014 WL 1207865, *1 (E.D. Mich. Mar. 14, 2014) (Rosen, J.).

As Chief Judge Rosen noted in *Fielder*, this is not the first time the Court has denied a motion filed by Plaintiff's counsel for "reliance on conclusory assertions and absence of developed argument;" indeed, "nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel." *Id.* at *1 n.1 (collecting cases). Moreover, the Court warned Plaintiff's counsel that "this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case" and that failure to do so may result in either sanctions or referral for disciplinary proceedings. *Id.*

The undersigned has carefully examined Plaintiff's counsel's submission and finds it thoroughly deficient and devoid of proper factual substance and legal analysis. Plaintiff's counsel's superficial, cut-and-paste, template approach to fulfilling his professional duty to substantively brief the issues presented for this Court's most serious consideration and determination fails to comply with all accepted rules of civil pleading and practice in this District. The Court acknowledges that counsel may reduce costs and improve efficiency by using and inserting previously generated work product, such as any relevant applicable legal standards and specific rules. But Plaintiff's counsel's repeated failure to set forth factually specific, discernable, sound legal analyses in his briefing to this Court compels the waiver of any such arguments. *See Kennedy v. Comm'r of Soc. Sec.*, 87 Fed.Appx. 464, 466 (E.D. Mich. 2003) ("[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996)). The "'court is under no obligation to scour the record for errors not identified by [the] claimant.'" *Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, *14

(E.D. Mich. Jan 25, 2013) (Grand, M.J.) (quoting *Martinez v. Comm'r of Soc. Sec.*, No. 09-13700 (E.D.Mich. Mar. 2, 2011)).

Therefore, Plaintiff's Motion should be denied. Any consideration of an award of sanctions against Plaintiff's counsel in this case would be inappropriate as the instant Motion was filed prior to Chief Judge Rosen's decision in *Fielder*.

V.    CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (docket no. 8) should be DENIED, and Defendant's Motion for Summary Judgment (docket no. 11) should be GRANTED.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 23, 2014      s/ Mona K. Majzoub
                          MONA K. MAJZOUB
                          UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 23, 2014      s/ Lisa C. Bartlett
                          Case Manager